UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLBE AND KOLBE MILLWORK CO., INC.,

       Plaintiff,                                Case No. 1:06-CV-585

v                                                 Hon. Gordon J. Quist

DELES INDUSTRIES, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the court is a motion filed on behalf of Acore Door Company, Inc., Acore Door (Ontario), Inc., and 1430305 Ontario Limited to stay proceedings in this action, or to vacate the underlying judgment and dismiss these proceedings for lack of subject matter jurisdiction (docket no. 58), which has been referred to the undersigned for a report and recommendation.

This action arises from an attempt by plaintiff, Kolbe and Kolbe Millwork Co., Inc., to collect on a judgment entered in its favor by the U.S. District Court for the Western District of Wisconsin. The judgment was in the amount of $426,196.31 against present defendants Deles Industries Ltd., Daniel Diena, Acore Door Company, Inc., and Acore Door (Ontario), Inc. According to plaintiff, the judgment was obtained on April 6, 2006.

To effectuate collection on the judgment in this state, Kolbe registered the judgment with this court on May 24, 2006. On June 23, 2006, this court entered a Writ of Execution allowing a sheriff to seize personal property in possession of Acore Door in a facility located in Coldwater, Michigan. The levied property consists primarily of large manufacturing equipment and tools.

Following the levy on this property, 1430305 Ontario Limited, which claimed a security interest in the property, was permitted to intervene. The property is presently under the control of court officer David Grizzel who physically served the Writ of Execution.

Defendant Daniel Diena is an officer and/or director of each of the corporate defendants in this court. Diena's wife, Grace Diena, is the sole shareholder of intervening plaintiff 1430305 Ontario Limited, as well as 1344228 Ontario, Inc., which in turn owns two-thirds of Acore Door (Ontario), Inc., a holding company with no employees nor bank accounts. Defendant Diena is also president of 1344228 Ontario, Inc. It also appears that Acore Door (Ontario), Inc. owned at least part of Acore Door Co., Inc.

None of these intertwined companies has posted a supersedeas bond pending appeal, nor have any of the defendants made any voluntary payments on the judgment. Finally, as this court has previously determined, Diena and the corporate defendant have failed to respond to discovery in this action. See Order of November 8, 2006.

The basis for the motion to stay proceedings stems from an appeal defendants took from the Wisconsin District Court judgment to the Seventh Circuit Court of Appeals on or about August 29, 2006 (over two months after this court had entered its Writ of Execution allowing the sheriff to seize the personal property of Acore Door Co., Inc.). Significantly, no motion for stay was filed in either the Wisconsin District Court nor the Seventh Circuit.

Noting that the appeal was filed "over three months late", the Seventh Circuit ordered defendants to file a memorandum explaining why their appeal should not be dismissed for lack of jurisdiction. That issue of timeliness has now been briefed by both sides and is awaiting decision in the Seventh Circuit. Even if the Seventh Circuit decides the appeal was not untimely, it would

then have to separately address the issue of subject matter jurisdiction which was the basis for the appeal when it was initially filed.

Plaintiff correctly points out that the general rule is that losing parties in a district court can obtain a stay pending appeal only by giving a supersedeas bond. *Hamlin v Charter Township of Flint,* 181 FRD 348, 351 (E.D. Mich. 1998), quoting *Enserch Corp. v Shand Morahan & Co.,* 918 F.2d 462 (5th Cir. 1990); *Fed. Prescription Serv., Inc. v Am. Pharm. Ass'n,* 636 F.2d 755, 760 (D.C. Cir. 1980). Rule 62(d) provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. . . The stay is effective when the supersedeas bond is approved by the court."

The amount of the bond will usually be an amount sufficient to satisfy the judgment plus interest. The court may also require the bond to include costs. Failure to post a bond, while it does not affect a party's right to appeal, permits an adverse party to enforce a judgment while the appeal is pending.

While the court has the authority in extraordinary circumstances to reduce the usual requirement of a full security supersedeas bond, no such circumstances exist in this case. In light of the documented refusal of Diena to participate in discovery either here or in Wisconsin, and the behavior of the corporate defendants which has caused their attorney in this court to withdraw as counsel in this case, Order of November 14, 2006, the words of the court in *Fed. Prescription, supra,* at 760, are quite apropos:

> Because the stay. . . deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's. . . unwillingness to satisfy the judgment in full upon ultimate disposition of the case.

Further, as plaintiff points out, by stonewalling discovery in this court, defendants have failed to produce any evidence showing proof of the claimed security interest in the assets seized in this action.

Finally, it would be highly inappropriate for this court to consider defendants' alternative request for relief, that this court vacate the Wisconsin judgment and dismiss these proceedings for lack of subject matter jurisdiction, when the judgment in question was rendered by a U.S. District Court in Wisconsin and is currently on appeal to the Seventh Circuit.

## RECOMMENDATION

For the reasons discussed above, I respectfully recommend that defendants' Motion to Stay or to Dismiss for Lack of Subject Matter Jurisdiction in the Underlying Action (docket no. 58) be denied.

Dated: November 16, 2006          /s/ Hugh W. Brenneman, Jr.
                                  Hugh W. Brenneman, Jr.
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).