UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KOLBE AND KOLBE MILLWORK
CO., INC.,

    Plaintiff,         Case No. 1:06-cv-585

v.                HON. GORDON J. QUIST

DELES INDUSTRIES, LTD.,
DANIEL DIENA, ACORE DOOR COMPANY,
INC., and ACORE DOOR (ONTARIO),
INC.

    Defendants,

and

1430305 ONTARIO LIMITED, an
Ontario corporation,

    Intervening Plaintiff,

v.

KOLBE AND KOLBE MILLWORK
CO., INC.,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

    Following the hearing on November 28, 2006, the Court issued an Order (docket no. 99) requiring that the Defendants and the Intervening Plaintiff obtain counsel by December 12, 2006, and provide discovery materials by December 6, 2006. As of May 7, 2007, no appearance of counsel has been placed on the record for the Defendants. An appearance of counsel for the Intervening Plaintiff was placed on the record on March 1, 2007. According to the Plaintiff, the Defendants and

the Intervening Plaintiff have failed to provide the requested discovery materials, and the discovery materials provided were non-responsive to the Plaintiff's requests.  Now before the Court is the Plaintiff's motion for sanctions and dismissal under Federal Rules of Civil Procedure 37(b)(2)(C) and 37(d).  For the following reasons, the Court will grant the motion and dismiss the Intervening Plaintiff's complaint.

The Plaintiff filed this motion on January 23, 2007.  The Plaintiff argues that the Defendants' and the Intervening Plaintiff's bad faith and disregard of the Court's orders, particularly the failure to produce documents and to attend depositions, warrants the dismissal of the Intervening Plaintiff's complaint and sanctions against the Defendants.  No response to this motion has been filed by the Defendants or the Intervening Plaintiff.

Federal Rule of Civil Procedure 37(b)(2) provides, in part, that:

> [i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> ....
> (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997).  Fed. R. Civ. P. 37(d) similarly provides for sanctions for a party's failure to respond to discovery requests.  The Sixth Circuit has instructed that four factors should be considered when determining if dismissal is appropriate:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Id*. at 366-67 (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)).

2

The actions of the Defendants and the Intervening Plaintiff are indicative of bad faith. The Defendants and the Intervening Plaintiff have failed to provide discovery, failed to appear for depositions without prior explanation, failed to respond to motions, and failed to comply with the Court's orders. The Court issued an Order on November 8, 2006 (docket no. 74), requiring that the Defendants and the Intervening Plaintiff respond to discovery requests by November 16, 2006. The Defendants and the Intervening Plaintiff failed to comply. At the hearing on November 28, 2006, the Court warned Defendant Diena that he would have to comply with the Court's orders, including obtaining counsel and providing the requested discovery materials. As of May 7, 2007, the Defendants have failed to file an appearance of counsel on the record and have not answered Plaintiff's discovery requests. The actions of the Defendants and the Intervening Plaintiff have prolonged the proceedings and the Plaintiff has incurred additional attorney fees. This delay is particularly relevant considering that the Court denied the Defendants' and the Intervening Plaintiff's motion to stay, yet the actions of these parties have effectively prevented this action from proceeding.

Finally, where a party "has not been given notice that dismissal is contemplated, 'a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct.'" *Id*. at 367 (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988) (internal quotations omitted)). Here, the Plaintiff's motion for dismissal gave the Intervening Plaintiff adequate notice that the Court would consider dismissal and sanctions under Rule 37. The Intervening Plaintiff and the Defendants have failed to respond to this motion, despite the Intervening Plaintiff placing an appearance of counsel on the record on March 1, 2007. Furthermore, at the hearing on November 28, 2006, the Court informed Defendant Diena that "it will not be an excuse to you if you do not get a lawyer" and also stated that Diena should anticipate the Plaintiff filing a "motion for default judgment of some kind" should Diena fail to comply. (Hr'g Tr.

13, Nov. 28, 2006.)[1] The Plaintiff also indicated its intention to file a Rule 37 motion for sanctions related to the Court's Order of November 8, 2006. (*Id*.) Therefore,

**IT IS HEREBY ORDERED** that the Plaintiff's motion for dismissal under Fed. R. Civ. P. 37(b)(2)(C) and 37(d) (docket no. 107) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Intervening Plaintiff's complaint (docket no. 34) is **DISMISSED WITH PREJUDICE**.

Dated:  May 8, 2007               /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE

---

[1] The transcript of the hearing was docketed on December 18, 2006 (docket no. 100).